IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TREVOR G. MCKENZIE and ALTHEA )
MCKENZIE, )
      Plaintiffs, )
       )
      vs. )   Civil Action No. 12-1336
       )
INTERNAL REVENUE SERVICE, )
      Defendant. )
       )

MEMORANDUM OPINION

Currently before the Court is a motion for summary judgment, filed by Defendant, the United States of America (ECF No. 28).[1] For the reasons that follow, the motion will be granted.

Plaintiffs, Trevor G. McKenzie and his wife Althea McKenzie, brought this action seeking to have the Internal Revenue Service (IRS) apply an alleged 2007 net operating carryback loss to offset their 2005 income tax liability and to have the IRS recalculate their tax liability for 2006, 2007, 2008, 2009, 2010 and 2011, which would result in tax refunds due to them for these years. The United States moves for summary judgment on the grounds that: 1) because Trevor McKenzie admits to overstating the 2007 income tax deductions, there are no amounts available to carryback to 2005; 2) Plaintiffs have already carried back all net operating losses from 2007 to 2005 to which they are entitled; and 3) Plaintiffs should not be granted leave to amend their complaint to claim a different refund amount ($5,389) than was contained in their administrative claim filed with the IRS ($21,750).

Plaintiffs respond that the whole point of bringing this case was to get the IRS to answer

---

[1]     Although Plaintiffs named the Internal Revenue Service, the only proper party in a tax refund action is the United States of America. 28 U.S.C. § 7422(f).

the question of why his returns did not match. They further note that they relied upon Taxpayer Advocates to assist them with calculating amounts and the IRS refused to explain its position until compelled to do so by this Court's directive at a Case Management Conference. Finally, they indicate that they would like to amend their complaint to allege a short-term capital loss deduction of $42,090.22, rather than a net operating loss deduction of $21,750 or $5,389. In its reply brief, the United States argues that the substantial variance doctrine applies with even more force given that Plaintiffs have not only changed the amount of refund sought but the legal theory upon which they seek it.

Facts

In 2007, Trevor McKenzie was the President and the sole shareholder of Cosmopolitan Mortgage, Inc. ("Cosmopolitan"), an S-Corporation. (U.S. First Set Req. for Admis. by Plaintiff Trevor G. McKenzie ¶ 1; McKenzie Dep. at 25:5-7.)[2]

On April 8, 2008, Trevor McKenzie filed a 2007 corporate income tax return (Form 1120) on behalf of Cosmopolitan with the IRS. (ECF No. 28 Ex. 1 ¶ 2; McKenzie Dep. at 25:8-11.) On its 2007 corporate income tax return, Cosmopolitan reported an ordinary business loss in the amount of $128,474. (ECF No. 28 Ex. 1 ¶ 3; McKenzie Dep. at 25:12-15; Cosmopolitan 2007 Corporate Income Tax Return, line 21.[3]) Cosmopolitan issued Trevor McKenzie a Schedule K-1 (Shareholder's Share of Income, Credits, Deductions, etc.) reporting an ordinary business loss for 2007 attributable to him in the amount of $128,474. (McKenzie Dep. at 25:16-20; ECF No. 28 Ex. 4.) To date, Cosmopolitan has not amended its 2007 tax return to claim a net loss greater than $128,474. (ECF No. 28 Ex. 1 ¶ 5; McKenzie Dep. at 25:21-23.)

---

[2] ECF No. 28 Exs. 1, 2.

On April 28, 2008, Plaintiffs filed a joint individual income tax return (Form 1040) with the IRS for the year 2007. (ECF No. 28 Ex. 1 ¶ 6; McKenzie Dep. at 25:24-26:8; ECF No. 28 Ex. 5.) The return indicates that it was "self-prepared."

On Schedule E, line 32 of their 2007 tax return, Plaintiffs reported a loss associated with Cosmopolitan in the amount of $150,224 – not the $128,474 loss that Cosmopolitan reported on its corporate tax return, and which Cosmopolitan reported on the K-1 issued to Trevor McKenzie. (ECF No. 28 Ex. 1 ¶ 7; ECF No. 28 Ex. 5, Schedule E, line 32.) The difference between these two amounts is $21,750 ($150,224 less $128,474), which is the exact amount that Plaintiffs initially sought in this refund suit. (See ECF No. 1, Compl. ¶ 19; ECF No. 14, Pls.' Resp. to U.S. Mot. to Dismiss, ¶¶ 16-19 & Attach. 1 at 4.)

Plaintiffs derived the $150,224 amount by combining the $128,474 ordinary business loss associated with Cosmopolitan, a $20,965 capital loss, and "some other tax deductible expenses." (U.S. First Set of Interrogatories to Plaintiff Trevor G. McKenzie ¶¶ 6, 9-10.)[4]

At the June 11, 2013 Case Management Conference, the United States was instructed to briefly provide Plaintiffs with the Government's written position as to why they were not entitled to carryback $21,750 in net operating losses (NOLs) for 2007 to offset their 2005 tax liability. (ECF. No. 11.) On June 17, 2013, counsel for Defendant wrote to Plaintiffs explaining the United States's position. After noting the discrepancy between the amount of loss reported on the corporate tax return ($128,474) and the amount reported on the individual tax return ($150,224), counsel observed that:

> In addition, on September 23, 2008, you both filed a Form 1045,

---

[3] ECF No. 28 Ex. 3.
[4] ECF No. 28 Ex. 7.

> Application for Tentative Tax Refund, to carryback the NOL form 2007 to offset your 2005 tax liability by $21,254. The IRS accepted this application and, on February 9, 2009, abated your 2005 tax liability by $21,254. In this litigation, however, you are taking the position that you are entitled to an additional $21,750 in NOLs for 2007, but you have not provided any basis to prove this claim. It is the United States' position that all NOLs from 2007 have already been carried back to 2005 and that there are no additional NOLs which can be carried back to 2005.

(ECF No. 28 Ex. 6 at 2.)

At his deposition on August 27, 2013, Plaintiff Trevor McKenzie admitted he "made a mistake" in preparing his and his wife's joint 2007 income tax return asserting that they incorrectly claimed a $20,965 short-term capital gains loss to which they were not entitled. (McKenzie Dep. at 26:3-27:22.) McKenzie asserts that "what should have happed is a [$]3,000 credit against that number … a [$]3,000 credit that it should have taken. And that's where I made my mistake. And that's the whole crux of the case." (Id. at 27:8-22.)

Defendant contends that, at Mr. McKenzie's deposition, he admitted that he and his wife are not entitled to claim a $20,965 capital loss deduction for 2007, but they are now asserting they are entitled to claim a $3,000 capital loss deduction for 2007. (McKenzie Dep. at 32:15-24.) In light of Mr. McKenzie's mistake in overstating deductions on the 2007 income tax return, it would appear that Plaintiffs now seek to amend their 2007 tax returns within this litigation in order to claim a $5,389 tax refund based on the $3,000 short-term capital loss deduction for 2007. (Id. at 21:15-23:9; 39:23-40:21.)

In response to the United States's motion for summary judgment, however, Mr. McKenzie has adopted a different position, namely that Plaintiffs are entitled to a short-term capital loss deduction (as opposed to an NOL) in the amount which he estimates to be $42,090.22. (ECF No. 32 at 7-8.) The United States argues in its reply brief that this is Mr.

4

McKenzie's fourth different refund amount asserted in this case[5] and that the doctrine of substantial variance bars this Court from examining claims and theories not presented to the IRS Commissioner for consideration.

Procedural History

Mr. McKenzie filed this action on September 18, 2012. The complaint seeks: 1) an order requiring the IRS to apply his alleged 2007 carry back loss to offset his 2005 income tax liability; and 2) an order requiring the IRS to recalculate his tax liabilities for years 2006 to 2011, which, if done, would result in tax refunds due to him for these years.

Mr. McKenzie indicated that:

> Most importantly I am asking the Court to understand specifically that the IRS, with its power and authority has put me in a position where it has asked me for something that I cannot possibl[y] provide without its cooperation, which it has failed to do—even with the efforts of its Tax advocates whom I provided countless documents and correction of documents to no avail. The IRS and its agents would now seek to penalize me in as much as I cannot do anything to help myself because it contend[s] that the amendments and corrections do not match their records—which appears to be code word for "the IRS did not receive any response from me in accordance with the letter from Alan B Edelman—the Tax appeals officer. I am hopeful that the Court will agree with me that this was a grave miscarriage of justice.

(Compl. at 5.)

On January 18, 2013, Defendant filed a motion to dismiss for lack of subject matter jurisdiction (ECF No. 10). Plaintiff filed a response on February 12, 2013 (ECF No. 14). On March 20, 2013, the Court filed a Memorandum and Order denying the motion (ECF No. 15).

On October 23, 2013, Defendant filed a motion for summary judgment (ECF No. 28),

---

[5] In a May 16, 2011 letter to the IRS, Mr. McKenzie sought "at least $30,000 to $40,000" (Compl. Ex. A at 1); in response to the United States's motion to dismiss, he asserted that the amount was $21,750 (ECF No. 14 ¶ 19); at his deposition, he asserted that the amount was

along with exhibits, a concise statement of material facts (ECF No. 29), and a brief (ECF No. 30). Plaintiffs filed a response on November 15, 2013 (ECF No. 32) and Defendant filed a reply brief on November 27, 2013 (ECF No. 33).

Standard of Review

As amended effective December 1, 2010, the Federal Rules of Civil Procedure provide that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005); Doe v. County of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).

---

$5,389 (ECF No. 28 Ex. 2 at 40).

The United States argues that: 1) because Mr. McKenzie admitted to overstating the 2007 income tax deductions, there are no amounts available for him and his wife to carryback to 2005; 2) Plaintiffs have already carried back all NOLs from 2007 to 2005 to which they are entitled; and 3) Plaintiffs should not be granted leave to amend their complaint to claim a different refund amount based on a different legal theory than was contained in their administrative claim filed with the IRS because of the substantial variance rule.

Substantial Variance Rule

Courts have held that "in the absence of a waiver by the government . . . or a proper amendment, petitioner (will be) precluded . . . from resting its claim on another ground (as distinguished from those advanced in the claim for refund.)" Bank of New York v. United States, 526 F.2d 1012, 1019 (3d Cir. 1975) (citations omitted). See also Friedman v. United States, 107 F. Supp. 2d 502, 505 (D.N.J. 2000). As explained by the Federal Circuit:

> Courts have long interpreted § 7422(a) and Treasury Reg. § 301.6402-2(b)(1) as stating a "substantial variance" rule which bars a taxpayer from presenting claims in a tax refund suit that "substantially vary" the legal theories and factual bases set forth in the tax refund claim presented to the IRS. See Cook v. United States, 220 Ct. Cl. 76, 599 F.2d 400, 406 (1979). With regard to the legal component of the "substantial variance" rule, "[a]ny legal theory not expressly or impliedly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated." Burlington [N. Inc. United States,] 684 F.2d [866,] 868 [(1982)]. The taxpayer similarly may not substantially vary at trial the factual bases raised in the refund claims presented to the IRS. See Ottawa Silica Co. v. United States, 699 F.2d 1124, 1138 (Fed. Cir. 1983). The substantial variance rule (1) gives the IRS notice as to the nature of the claim and the specific facts upon which it is predicated; (2) gives the IRS an opportunity to correct errors; and (3) limits any subsequent litigation to those grounds that the IRS had an opportunity to consider and is willing to defend. See id. at 1138-40; Union Pac. R.R. v. United States, 182 Ct. Cl. 103, 389 F.2d 437, 442 (1968).

Lockheed Martin Corp. v. United States, 210 F.3d 1366, 1371 (Fed. Cir. 2000).

7

In this case, Plaintiffs never submitted a claim for a short-term capital loss deduction and thus the IRS never had the opportunity to consider it. Therefore, the substantial variance rule would prevent Plaintiffs from asserting the short-term capital loss deduction claim for $42,090.22 herein.

With respect to the NOL claim, as Defendant has observed, Plaintiffs have already received NOLs for 2005. They argue that they have based their request for an additional $21,750 in NOL upon information given to them by the Taxpayer Advocate. (Compl. Ex. D at 4) (handwritten note indicating "total NOL 88,209" "previously used 66,459" thus leaving "available 21,750"). However, they have offered no evidence as to who prepared this handwritten note and, as Defendant observes, even it was made by the Taxpayer Advocate, it would have been based on incorrect information supplied by Plaintiffs. Finally, according to the Complaint, they did not begin working with the Taxpayer Advocate until "late 2010" or approximately two and a half years after filing the 2007 return which overstated the deduction in April 2008. (Compl. ¶ 6.)

"Whether and to what extent tax deductions are allowed are a matter of legislative grace, and a taxpayer claiming a deduction must be able to point to an applicable statute and show that he meets all of the requirements." Bayer Corp. and Subsidiaries v. United States, 850 F. Supp. 2d 522, 538 (W.D. Pa. 2012) (citations omitted). Plaintiffs have not met their burden in this case, as the evidence demonstrates that they overstated their deductions on their 2007 income tax return.

For these reasons, the United States's motion for summary judgment will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TREVOR G. MCKENZIE and ALTHEA )
MCKENZIE, )
      Plaintiffs, )
)
      vs. )      Civil Action No. 12-1336
)
INTERNAL REVENUE SERVICE, )
      Defendant. )
)

ORDER

AND NOW, this 18th day of December, 2013,

IT IS HEREBY ORDERED that the motion for summary judgment, filed by the United States of America (ECF No. 28), is granted.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the Plaintiffs desires to appeal from this Order they must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

                                          s/Robert C. Mitchell_____
                                          ROBERT C. MITCHELL
                                          United States Magistrate Judge

cc:     Trevor G. McKenzie and Althea McKenzie
         11911 North Street
         North Huntingdon, PA 15642